MARY A. CLARK,

*vs.*

CHARLES D. SIPPLE and MERRELDA J. SCOTT, Administrators of John Sipple, deceased.

*Kent, March 6, 1913.*

The defendants had brought in the Superior Court an action of *scire facias* on a mortgage made by the complainant, who filed a bill for discovery and to enjoin the suit at law, one ground being that the mortgagor had not only paid the debt in full, but by mistake of the mortgagor, and through the fraud of the mortgagee, had overpaid it. *Held*, on a re-argument, that though the amount overpaid could not be recovered in the suit at law, the Court of Chancery did not have a right to take jurisdiction of the whole cause for the purpose of avoiding multiplicity of suits, for the reason that it could not, without a cross-bill to foreclose the mortgage, settle the whole controversy in case the complainant failed to sustain the bill.

A preliminary injunction was granted in this cause in accordance with the opinion reported *ante* p. 51, 81 *Atl.* 1, and the matter now comes before the Chancellor on a motion by

the solicitors for the defendants to dissolve the preliminary injunction.

*Herbert H. Ward* and *Thomas C. Frame, Jr.*, for the complainant.

*Henry Ridgely* and *William M. Hope*, for the defendants.

THE CHANCELLOR. A preliminary injunction has heretofore been granted in this cause, and the jurisdiction was based on the avoidance of multiplicity of suits. At that time I expressed doubt on this subject, which had not been discussed by counsel, and invited a discussion thereof on a motion to dissolve the injunction. This had been done by counsel on such a motion by the defendant's counsel and I have reconsidered this question.

It is now urged for the defendant that this court has not power to oust the Superior Court of jurisdiction antecedently acquired by it because, among other reasons, it is not now certain that this court can settle the whole controversy and afford to all parties relief, for if the complainant should fail to prove the overpayments of the mortgage debt the defendants would still need to pursue their remedy of *scire facias sur mortgage* in the Superior Court. This reason seems to be a sound one. The answer of the defendants denies the overpayments and other material allegations of the bill, and raises the question of jurisdiction. Inasmuch as it may turn out that the complainant fails to prove the facts upon which the bill was based, the court should not take jurisdiction even to avoid a multiplicity of suits, unless it can in any event protect the interests of all parties as to the subject-matter. Here, if the complainant fails to make out a case the defendants cannot be given the relief they need on a foreclosure of the mortgage. It is true that questions of jurisdiction are generally settled by assuming to be true the allegations of the bill, but in such a peculiar case as this a court of equity must look beyond the bill to the consequences to the defendant of a failure of the complainant to sustain the bill, especially since the allegations of the bill are denied, and at the hearing on the rule for the preliminary in-

junction the testimony submitted to sustain those allegations was not fully convincing. It was urged by the solicitors for the complainant that the whole controversy could be settled in this court if the defendants would by cross-bill seek to foreclose the mortgage; but surely there is no power to compel them to do so, nor should they be expected to leave the court of law, wherein they have already sought an appropriate and sufficient remedy, and go elsewhere to please their adversary and so cure a defect in. the proceeding of the adversary. There does not seem to be any authority by which this court may be guided in this particular matter, but the course here taken seems most equitable and just to all concerned.

On the whole, then, in view of the new light thrown on the matter by the discussion, I am now convinced that the complainant is not entitled to a preliminary injunction, and will dissolve it. This court will not consciously overstep the limitations of its jurisdiction. And inasmuch as the ground for granting the temporary relief has been swept away, there is no ground left upon which to base the jurisdiction of this court of the cause, and the bill will, on motion of the defendants, be dismissed.

Let an order be entered accordingly.